11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John Palmer Lee, Jr.

Appellant

Vs.                   No.
11-01-00172-CR B Appeal from Taylor County

State of Texas

Appellee

 

After
appellant=s pretrial motion to suppress evidence was
denied, appellant pleaded guilty to possession of cocaine.  The trial court, in accordance with a plea
agreement, assessed appellant=s punishment at confinement for seven years.  Appellant appeals. We affirm.

Appellant
contends in a single point of error that the trial court erred in not
suppressing the evidence because the cocaine was obtained illegally in
violation of the U.S. CONST. amend. IV; TEX. CONST. art. I, ' 9; and TEX. CODE CRIM. PRO. ANN. art. 38.23
(Vernon Pamph. Supp. 2002).

Police
Officer Scott McNary was the only person who testified at the pretrial
suppression hearing.  The officer stated
that he saw several persons in a dark area near an alley in a high drug area.  The officer parked his car and walked toward
the subjects.  He observed appellant
squatting down looking at something in his hand.  As the officer approached, appellant stood up very quickly and
concealed something in his hand. 
Officer McNary asked appellant what he had in his hand.  Appellant did not answer the officer.  Appellant then placed his hand behind his
leg.  The officer stated that, at that
time, he did not know what appellant was concealing in his hand behind his
leg.  The officer stated that he thought
it might be a weapon.  The officer
grabbed appellant=s arm
and attempted to see what appellant had in his hand.  As he pulled appellant=s hand up, the officer observed a small plastic baggie.  At that point, appellant threw the baggie
onto the ground.  The officer observed
where the baggie landed and seized the baggie after placing appellant under
arrest.  The officer described the
baggie and stated that the off-white rock-like substance in the baggie appeared
to be crack cocaine.








The trial
court was the sole trier of fact and the judge of the credibility of the only
witness who testified and the weight to be given to the police officer=s testimony. 
We view the evidence in the light most favorable to the trial court=s ruling, and we assume that the trial court
made implicit findings of fact that support its ruling as long as those
findings are supported by the record. 
State v. Ross, 32 S.W.3d 853, 855 (Tex.Cr.App.2000).  We should afford almost total deference to
the trial court=s determination of the historical facts.  Guzman v. State, 955 S.W.2d 85, 89
(Tex.Cr.App.1997).  We will not reverse
the trial court=s ruling unless a clear abuse of discretion
is shown.  Allridge v. State, 850 S.W.2d
471, 492 (Tex.Cr.App.1991), cert. den=d, 510 U.S. 831 (1993).

The Court
in Terry v. Ohio, 392 U.S. 1 (1968), recognizes three categories of
police-citizen interaction:  (1)
encounter; (2) investigative detention; and (3) arrest.  See also Francis v. State, 922 S.W.2d 176
(Tex.Cr.App.1996).  The controlling
distinction between an encounter and either an investigative detention or an
arrest is whether there has been a seizure. 
An intervention  between a
citizen and the police without a seizure is an encounter.  Francis v. State, supra at 178.  A law enforcement officer is permitted to
approach a citizen without reasonable suspicion or probable cause in order to
ask questions.  Johnson v. State, 912
S.W.2d 227, 235 (Tex.Cr.App.1995). 








Officer
McNary was permitted to approach the subjects, including appellant, without
reasonable suspicion or probable cause in order to ask questions.  This was a lawful encounter.  The officer was alone in a dark area in a
high drug area.  The officer observed
that appellant, who had been squatting down, stood up quickly, concealing
something in his hand next to his leg. 
The officer asked appellant what he had in his hand.  Appellant was walking in the direction of
the officer.  Appellant did not respond
to the officer=s question. 
Officer McNary testified that he thought that appellant might be
concealing a weapon in his hand.  The
officer grabbed appellant=s arm and observed a small plastic baggie of some type.  The officer was attempting to get appellant=s hand open so that the officer could make
certain that appellant did not have a weapon. 
At this point, appellant jerked his hand away and threw the plastic
baggie onto the ground.  There was a
seizure  when the officer grabbed
appellant=s arm. 
However, at that point, the officer had a specific, reasonable
articulable suspicion that appellant could be armed and dangerous.  See Worthey v. State, 805 S.W.2d 435, 439
(Tex.Cr.App.1991).  Officer McNary had
reasonable suspicion to investigate the baggie and probable cause to arrest
appellant.

Appellant=s point of error is overruled.  The evidence was not obtained in violation
of the  Fourth Amendment; Article I,
section 9; or Article 38.23.  Johnson v.
State, supra.  The authorities cited by
appellant are factually distinguishable. 

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

March 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.